NEWMAN *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—PRENATAL INJURIES—QUESTION OF FIRST IMPRESSION.

Appeal in nature of certiorari is allowed in case involving question of liability to a child for prenatal injuries where such question has never been before the Supreme Court.

2. DEATH—CRIMINAL LIABILITY—STATUTES—PRENATAL INJURIES.

Statute imposing criminal liability for wilful killing of an unborn quick child by an injury to its mother *held*, inapplicable to civil action brought under survival act by administrator of

estate of child who died three months after birth allegedly as a result of injuries received 22 days before birth while mother was a passenger on defendant's street-car, where no criminal liability is claimed (3 Comp. Laws 1929, §§ 14040–14060; Act No. 328, § 322, Pub. Acts 1931).

3. Same—Survival of Cause of Action.

In order for an action to survive a person's death, the cause of action must have existed at the time of such person's death (3 Comp. Laws 1929, §§ 14040–14060).

4. Same—Descent and Distribution—Statutes.

Statutes of descent and distribution which permit a child *en ventre sa mere* at the time of the death of a parent to inherit from such parent *held*, inapplicable to action brought under survival act for alleged prenatal injuries (3 Comp. Laws 1929, §§ 13452, 14040–14060, 15726).

5. Infants—Prenatal Injuries—Statutes—Common Law.

City, as owner of municipal railway, *held*, not liable as a matter of law in action brought under survival act for alleged negligent injuries to plaintiff's decedent, claimed to have been received 22 days prior to birth at end of normal period of gestation and to have resulted in hydrocephalus and brain hemorrhage and death three months after birth, where there was no cause of action provided child for injuries so received either at common law or by statute (3 Comp. Laws 1929, §§ 14040–14060).

Appeal from Wayne; Miller (Guy A.), J. Submitted June 24, 1937. (Docket No. 106, Calendar No. 39,455.) Decided September 1, 1937.

Case by Irving Newman, administrator of the estate of Charles L. Newman, deceased, against City of Detroit, a municipal corporation, for·damages for alleged prenatal injuries causing death of plaintiff's decedent. Defendant reviews denial of motion to dismiss by appeal in nature of certiorari. Reversed and remanded for entry of an order granting motion to dismiss.

*Adrian D. Rosen* and *Harold M. Shapero,* for plaintiff.

*Rodney Baxter* and *A. Albert Bonczak,* for defendant.

BUTZEL, J. Plaintiff brought suit under the survival act (3 Comp. Laws 1929, §§ 14040–14060), claiming that plaintiff's mother, while a passenger on a street-car, owned and operated by defendant, was injured through the negligence of the motorman, and that decedent thus suffered prenatal injuries from which he died three months after birth. The accident occurred 22 days prior to his birth at the end of the normal period of gestation. It is alleged that as a result of the accident decedent suffered injuries to his skull and others of an internal nature, those to the head causing hydrocephalus and brain hemorrhage, resulting in death. Defendant made a motion to dismiss on the ground that decedent, an unborn child and unable to contract, could not become a passenger for hire, and also that neither under the common law nor under any statute in this State is there any liability to an infant for prenatal injuries. The trial judge, in denying the motion to dismiss, drew an analogy from the criminal law in reference to the wilful killing of an unborn quick child by any injury to its mother. Act No. 328, § 322, Pub. Acts 1931. As the question of liability to a child for prenatal injuries was never before this court, we allowed an appeal in the nature of certiorari.

Appellant claims that to permit such recovery, in view of the fact that it is not provided for at common law or legislative enactment, would be judicial legislation on our part; that it would open the door

to fraud and perjury, that the cause of physical or mental defects that appear at childbirth or thereafter may be congenital, or due to injuries prior or subsequent to the accident, on account of which liability is asserted, or may have been due to the use of instruments or other mishaps at parturition. Appellee, on the other hand, calls our attention to the criminal law. But there is no claim of any criminal liability and there is no statute governing civil liability. Appellee further points to the survival act (3 Comp. Laws 1929, § 14040), which provides that an action for personal injuries to a person should survive. It is admitted that decedent had viability at the time of the accident, but in order for an action to survive, it must have existed at the time of the person's death.

We are also referred to the statutes of descent and distribution, which permit a child *en ventre sa mere* at the time of the death of the parent to inherit from such parent.* These statutes are not applicable.

Appellee further contends that where there is a wrong, there should be a remedy, and claims that the question of causation is a matter of proof, the same as in other actions for negligence. These arguments may well be addressed to the legislature.

The question before us has been passed upon in other jurisdictions. In some inferior courts where decisions were reversed in the appellate courts and in *Kine* v. *Zuckerman,* 4 Pa. Dist. & County Rep. 227, recovery was allowed for prenatal injuries. However, the overwhelming weight of authority is to the contrary. *Dietrich* v. *Northampton,* 138 Mass. 14 (52 Am. Rep. 242); *Walker* v. *Railway Co.,* 28 L.

---

* See 3 Comp. Laws 1929, §§ 13452, 15726.—REPORTER.

R. 69 (Ireland); *Allaire v. St. Luke's Hospital,* 76 Ill. App. 441, affirmed in 184 Ill. 359 (56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176); *Gorman v. Budlong,* 23 R. I. 169 (49 Atl. 704, 55 L. R. A. 118, 91 Am. St. Rep. 629); *Buel v. United Railways Co.,* 248 Mo. 126 (154 S. W. 71, 45 L. R. A. [N. S.] 625, Ann. Cas. 1914C, 613); *Lipps v. Milwaukee Electric Ry. & Light Co.,* 164 Wis. 272 (159 N. W. 916, L. R. A. 1917B, 334); *Stanford v. Railway Co.,* 214 Ala. 611 (108 South. 566); *Nugent v. Railway Co.,* 154 App. Div. 667 (139 N. Y. Supp. 367), appeal dismissed in 209 N. Y. 515 (102 N. E. 1107.); *Drobner v. Peters,* 232 N. Y. 220 (133 N. E. 567, 20 A. L. R. 1503); *Magnolia Coca Cola Bottling Co. v. Jordan,* 124 Tex. 347 (78 S. W. [2d] 944, 97 A. L. R. 1513). Plaintiff has no cause of action under the common law or under any statute.

The order of the lower court denying the motion to dismiss is reversed, with costs to appellant, and the cause is remanded, with instructions to enter an order granting motion to dismiss.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.