MARLOW v. KRAPEK

1. TORTS—PRENATAL INJURIES—CAUSE OF ACTION.
    A tort action brought to recover damages for prenatal injuries
    received by the plaintiff as a nine-month-old fetus may not
    be maintained.

2. APPEAL AND ERROR—PRECEDENTS—OVERRULING—SUPREME COURT.
    Overruling of precedential case law that prenatal injuries are
    not actionable on the part of the injured fetus must be by
    the Supreme Court, not by the Court of Appeals.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 June 5, 1969, at Grand Rapids. (Docket No. 6,914.) Decided December 4, 1969. Application for leave to appeal filed December 24, 1969.

Complaint by Eddie J. Marlow, as guardian of the estate of Eddie James Marlow, Jr., a minor, against Anton Krapek to recover damages for injuries sustained in an automobile accident. Defendant's motion for summary judgment granted. Plaintiff appeals. Affirmed.

*Arthur L. Peterson* (*Harry M. Titus,* of counsel), for plaintiff.

*Heilman, Purcell, Tunison & Cline,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Prenatal Injuries (1st ed, Torts § 98).
    Prenatal injury as ground of action. 10 ALR2d 1059; 27 ALR2d
    1256.
    Action for death of unborn child. 15 ALR3d 992.

Before: J. H. Gillis, P. J., and R. B. Burns and
V. J. Brennan, JJ.

V. J. Brennan, J.   This is an action brought on
behalf of Eddie J. Marlow, Jr., a minor, to recover
damages for injuries allegedly sustained as the
result of the defendant's running a red light and
striking the automobile in which Eddie J. Marlow,
Jr.'s mother was a passenger.   At the time of impact,
Eddie J. Marlow, Jr., was a nine-month-old fetus.
He survived both the impact and his birth, his birth
occurring some eight hours after the accident.   The
defendant moved for summary judgment on the
ground that prenatal injuries are not actionable.
The trial court granted his motion and we affirm.

Our affirmance, like the trial court's ruling, is
dictated by *Newman* v. *City of Detroit* (1937), 281
Mich 60.   In that case an action was brought under
the survival act[1] to recover damages for prenatal
injuries allegedly caused by the negligent operation
of the defendant's streetcar 22 days before Newman's
birth.   Although the injuries ultimately caused the
decedent's death, or at least so it was alleged, he
lived on for some three months after birth.   The
Supreme Court concluded that the "overwhelming
weight of authority" did not allow recovery for
prenatal injuries and held that the plaintiff was
without a cause of action.   Since *Newman* was
decided, advancement in medical science has re-
moved the problems of proof in such cases, and those
courts and text writers who have considered the
problem have been nearly unanimous in removing
the conceptual barriers to recovery.   (The decisions
of these courts and the works of various text writers
are cited and extensively quoted in *LaBlue* v.

---

[1] CL 1929, § 14040 (Presently see MCLA § 600.2921 [Stat Ann
1962 Rev § 27A.2921].).

*Specker* [1960], 358 Mich 558, and the dissenting opinion of Justice T. M. KAVANAGH in *Powers* v. *City of Troy* [1968], 380 Mich 160.) It may therefore be argued that the "overwhelming weight of authority" on which *Newman* was decided no longer exists. Nevertheless, *Newman* is the law on the question in Michigan and will continue to be the law until the Supreme Court decides otherwise. *Mitchell* v. *Metal-Assemblies, Inc.* (1966), 3 Mich App 143; *Abendschein* v. *Farrell* (1968), 11 Mich App 662, aff'd 382 Mich 510; *Maxwell* v. *Maxwell* (1969), 15 Mich App 607. Until that time, persons suffering from prenatal injuries caused by the negligent conduct of others will go uncompensated, their only consolation being the fact that prenatal injuries were not actionable at common law. We agree with the view expressed by several members of the Court in *Powers* v. *City of Troy, supra,* that *Newman* should be reconsidered, and think this case to be the proper vehicle for such a reconsideration.

Plaintiff's contention that *LaBlue* v. *Specker, supra,* overrules *Newman* by implication is of no avail. In *LaBlue* it was held that a child is entitled to damages under the dramshop act[2] for the death of his father, even though the child is *en ventre sa mere* at the time of death. The Supreme Court in *Powers, supra,* not only pointed out that *LaBlue* is inapposite to cases involving physical injury to the fetus, but expressly rejected the contention that *LaBlue* overrules *Newman* by implication.

The order granting defendant's motion for summary judgment is affirmed.

All concurred.

---

2 MCLA § 436.22 (Stat Ann 1969 Cum Supp § 18.993).