T. M. Kᴀᴠᴀɴᴀɢʜ, C. J., and Bʟᴀᴄᴋ, Aᴅᴀᴍs, T. E. Bʀᴇɴɴᴀɴ, T. G. Kᴀᴠᴀɴᴀɢʜ, and Sᴡᴀɪɴsᴏɴ, JJ., concurred with Wɪʟʟɪᴀᴍs, J.

---

WOMACK *v.* BUCHHORN

1. Cᴏᴜʀᴛs—Sᴛᴀʀᴇ Dᴇᴄɪsɪs—Pʀᴏᴘᴇʀᴛʏ—Nᴇɢʟɪɢᴇɴᴄᴇ.

Courts are at liberty to change a rule of liability for negligence in the needs of justice and to conform to the overwhelming majority rule as it is not a rule of property where the rule of *stare decisis* would be applied and a court would not for a moment give countenance to an argument that a wrongdoer relied upon the rule of liability for negligence.

2. Nᴇɢʟɪɢᴇɴᴄᴇ—Cᴏᴍᴍᴏɴ Lᴀᴡ—Pʀᴇɴᴀᴛᴀʟ Iɴᴊᴜʀʏ—Pʀᴏᴏꜰs—Dᴀᴍ-ᴀɢᴇs.

An action does lie at common law for negligently inflicted prenatal injury as, justice requires that the principle be recognized that a child has a legal right to begin life with a sound mind and body and, if the wrongful conduct of another interferes with that right, and it can be established by competent proof that there is a causal connection between the wrongful interference and the harm suffered by the child when born, damages for such harm should be recoverable by the child.

---

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 20 Am Jur 2d, Courts § 183 *et seq.*
[2, 3] 52 Am Jur, Torts § 98.
  Prenatal injury as ground of action.  10 ALR2d 1059 supp. 27 ALR2d 1256.

3. NEGLIGENCE—COMMON LAW—PRENATAL INJURY—PROSPECTIVE AP-
   PLICATION.

    A new rule that an action does lie at common law for negli-
    gently inflicted prenatal injuries applies to all pending and
    future cases.

Appeal from Wayne, Benjamin D. Burdick, J.,
and from Court of Appeals prior to decision. Sub-
mitted April 8, 1971. (No. 10 April Term 1971,
Docket No. 52,534.) Decided June 1, 1971.

Complaint by Cedric C. Womack, by his next
friend, Ollie Womack, for damages for prenatal
brain injuries suffered in an automobile collision.
Summary judgment for defendant. Plaintiff ap-
pealed to the Court of Appeals and applied to the
Supreme Court for leave to appeal prior to decision
by the Court of Appeals. Leave granted. Judg-
ment vacated and cause remanded.

*Calvin Klyman,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *John D.
Hayes* and *Stanley A. Prokop*), for defendant.

WILLIAMS, J.   This case involves a common-law
negligence action brought on behalf of an eight-year-
old surviving child for prenatal brain injuries suf-
fered during the fourth month of pregnancy in an
automobile accident.   The matter comes to this
Court on grant of summary judgment for defendant
by the Circuit Court solely on the basis of *Newman*
v. *Detroit* (1937), 281 Mich 60, and leave to appeal
to this Court prior to decision by the Court of
Appeals.

The only issue in this case is whether a common-
law negligence action can be brought on behalf of

a surviving child negligently injured during the fourth month of pregnancy.

The *Newman* case was an action under the survival act (3 Comp Laws 1929, §§ 14040–14060) involving a child that survived three months after birth from prenatal injuries suffered 22 days prior to birth when his mother was a passenger on a Detroit streetcar. The trial judge denied a motion to dismiss and the case came before this Court by an appeal in the nature of *certiorari*. The decision in *Newman* was based principally on the fact that "the overwhelming weight of authority is * * * contrary" to allowing recovery for prenatal injuries (p 63).[1] The case concluded "Plaintiff has no cause of action under the common law or any statute" (p 64).

Since *Newman* has been decided, medical science has probably advanced more in one generation than in the previous 100 years or more. Legal philosophy and precedent have moved in response to scientific and popular knowledge.

. When this Court decided *Newman* in 1937, there were ten jurisdictions[2] other than Michigan denying

---

[1] *Newman* cites the following authority: "In some inferior courts where decisions were reversed in the appellate courts and in *Kine* v. *Zuckerman* [1924], 4 Pa. Dist. & County Rep. 227, recovery was allowed for prenatal injuries. However, the overwhelming weight of authority is to the contrary. *Dietrich* v. *Northampton* [1884], 138 Mass. 14 (52 Am. Rep. 242); *Walker* v. *Railway Co.* [1891], 28 L.R. 69 (Ireland); *Allaire* v. *St. Luke's Hospital* [1898], 76 Ill. App. 441, affirmed in 184 Ill. 359 (56 N.E. 638, 48 L.R.A. 225, 75 Am. St. Rep. 176); *Gorman* v. *Budlong* [1901], 23 R.I. 169 (49 Atl. 704, 55 L.R.A. 118, 91 Am. St. Rep. 629); *Buel* v. *United Railways Co.* [1913], 248 Mo. 126 (154 S.W. 71, 45 L.R.A. [N.S.] 625, Ann. Cas. 1914C, 613); *Lipps* v. *Milwaukee Electric Ry. & Light Co.* [1916], 164 Wis. 272 (159 N.W. 916, L.R.A. 1917B, 334); *Stanford* v. *Railway Co.* [1926], 214 Ala. 611 (108 South. 566); *Nugent* v. *Railway Co.* [1913], 154 App. Div. 667 (139 N.Y. Supp 367), appeal dismissed in 209 N.Y. 515 (102 N.E. 1107); *Drobner* v. *Peters* [1921], 232 N.Y. 220 (133 N.E. 567, 20 A.L.R. 1503); *Magnolia Coca Cola Bottling Co.* v. *Jordan* [1935], 124 Tex. 347 (78 S.W. [2d] 944, 97 A.L.R. 1513)" pp 63, 64.

[2] *ALABAMA: Stanford* v. *St. Louis-San Francisco R. Co.* (1926),

recovery for prenatal injuries and three[3] allowing
it. Today 27 American jurisdictions[4] allow recovery·

214 Ala 611 (108 So 566); *ILLINOIS: Allaire* v. *St. Luke's Hospital*
(1900), 184 Ill 359 (56 NE 638); *MASSACHUSETTS: Dietrich*
v. *Northampton* (1884), 138 Mass 14 (52 Am Rep 242); *MISSOURI:*
*Buel* v. *United R. Co.* (1913), 248 Mo 126 (154 SW 71); *NEW*
*YORK: Drobner* v. *Peters* (1921), 232 NY 220 (133 NE 567, 20
ALR 1503); *OHIO: Krantz* v. *Cleveland, Akron, Canton Bus Co.*
(1933), 32 Ohio NP NS 445; *RHODE ISLAND: Gorman* v. *Bud-*
*long* (1901), 23 RI 169 (49 A 704); *TEXAS: Magnolia Coca Cola*
*Bottling Company* v. *Jordan* (1935), 124 Tex 347 (78 SW2d 944,
97 ALR 1513); *WISCONSIN: Lipps* v. *Milwaukee Electric Rail-*
*way & Light Company* (1916), 164 Wis 272 (159 NW 916);
*IRELAND: Walker* v. *Great Northern R. Co.* (1891), Ir LR 28
CL 69.

[3] See cases cited in the annotation at 10 ALR2d 1054, 1064:
*LOUISIANA: Cooper* v. *Blanck* (La App, 1923), 39 So 2d 352;
*PENNSYLVANIA: Kine* v. *Zuckerman* (1924), 4 Pa D&C 227;
*CANADA: Montreal Tramways Company* v. *Leveille* (1933), Can
Sup Ct 456 (4 DLR 337).

[4] The 27 jurisdictions allowing recovery for prenatal injuries
are divided into four categories:  a) those which have allowed
common-law negligence actions to surviving children (13); b) those
which have allowed wrongful death actions on the rationale that
a viable fetus could recover under the applicable wrongful death act
(10); c) Massachusetts, which has held that a non-viable fetus was
a person within the meaning of the Massachusetts wrongful death
act; d) those which in actions under survival type wrongful death
statutes have held that the injured unborn child could have brought
a common-law negligence action had he survived (3).

In the following jurisdictions a surviving child has been held to
have a common-law right of action for negligently inflicted prenatal
injuries:

*CALIFORNIA: Scott* v. *McPheeters* (1939), 33 Cal App 2d 629
(92 P2d 678) (conceived unborn child deemed a person by statute
where necessary to protect its interest subsequent to birth); *DIS-*
*TRICT OF COLUMBIA: Bonbrest* v. *Kotz* (1946), 65 F Supp 138;
*GEORGIA: Tucker* v. *Howard L. Carmichael & Sons, Inc.* (1951),
208 Ga 201 (65 SE2d 909); *Hornbuckle* v. *Plantation Pipe Line*
*Company* (1956), 212 Ga 504 (93 SE2d 727); *ILLINOIS: Amann*
v. *Faidy* (1953), 415 Ill 422 (144 NE2d 412) (wrongful death action)
extended to allow common-law recovery by surviving child injured
while he was a one month old fetus in *Daley* v. *Meier* (1961), 33 Ill
App 2d 218 (178 NE2d 691); *MARYLAND: Damasiewicz* v.
*Gorsuch* (1951), 197 Md 417 (79 A2d 550); *NEW HAMPSHIRE:*
*Bennett* v. *Hymers* (1958), 101 NH 483 (147 A2d 108); *NEW*
*JERSEY: Smith* v. *Brennan* (1960), 31 NJ 353 (157 A2d 497);
*NEW YORK: Woods* v. *Lancet* (1951), 303 NY 349 (102 NE2d
691); *OHIO: Williams* v. *Marion Rapid Transit, Inc.* (1949), 152
Ohio St 114 (87 NE2d 334); *OREGON: Mallison* v. *Pomeroy*
(1955), 205 Or 690 (291 P2d 225); *PENNSYLVANIA: Sinkler* v.
*Kneale* (1960), 401 Pa 267 (164 A2d 93); *RHODE ISLAND:*
*Sylvia* v. *Gobeille* (1966), 101 RI 76 (220 A2d 222); *WASHING-*

Federal district courts have upheld recovery in two other jurisdictions[5] and there is favorable dictum by the state supreme court in still another jurisdiction.[6] Only one[7] denies recovery.[8]

---

*TON: Seattle-First National Bank v. Rankin* (1962), 59 Wash 2d 288 (367 P2d 835).

In the following jurisdictions a wrongful death action has been allowed on the rationale that a fetus which was viable at the time the injury occurred could recover under the applicable wrongful death act:

*DELAWARE: Worgan v. Greggo & Ferrara Inc.* (1956), 50 Del 258 (128 A2d 557); *KANSAS: Hale v. Manion* (1962), 189 Kan 143 (368 P2d 1); *KENTUCKY: Mitchell v. Couch* (Ky App, 1955), 285 SW2d 901; *LOUISIANA: Cooper v. Blanck* (La App, 1923), 39 So 2d 352 (statute conferred right of action on parents for death of a child); *MISSISSIPPI: Rainey v. Horn* (1954), 221 Miss 269 (72 So 2d 434); *MISSOURI: Steggall v. Morris* (1953), 363 Mo 1224 (258 SW2d 577); *SOUTH CAROLINA: Hall v. Murphy* (1960), 236 SC 257 (113 SE2d 790); *TENNESSEE: Shousha v. Matthews Drivurself Service, Inc.* (1962), 210 Tenn 384 (358 SW2d 471); *TEXAS: Leal v. C. C. Pitts Sand and Gravel, Inc.* (Tex, 1967), 419 SW2d 820; *WISCONSIN: Kwaterski v. State Farm Mutual Automobile Insurance Company* (1967), 34 Wis 2d 14 (148 NW2d 107).

*MASSACHUSETTS* allows an action for wrongful death of a non-viable fetus (3–1/2 months), holding that a non-viable fetus is a "person" within the meaning of the Massachusetts wrongful death act. *Torigian v. Watertown News Co., Inc.* (1967), 352 Mass 446 (225 NE2d 926).

In the following jurisdictions in actions brought under survival type wrongful death statutes, it was held that the injured unborn child would have been able to bring a common-law negligence action had he survived:

*CONNECTICUT: Prates v. Sears, Roebuck and Company* (1955), 19 Conn Supp 487 (118 A2d 633); *MINNESOTA: Verkennes v. Corniea* (1949), 229 Minn 365 (38 NW2d 838, 10 ALR2d 634); *NEVADA: White v. Yup* (1969), 85 Nev 527 (458 P2d 617).

[5] *IOWA: Wendt v. Lillo* (ND Iowa, 1960), 182 F Supp 56; *WEST VIRGINIA: Panagopoulous v. Martin* (SD W Va, 1969), 295 F Supp 220.

[6] *NORTH CAROLINA: Stetson v. Easterling* (1968), 274 NC 152 (161 SE2d 531); the North Carolina Supreme Court opined that the prenatally injured child "if he had lived, could have maintained an action to recover damages on account of injuries negligently inflicted upon him when *en ventra sa mere,*" but held no cause of action since the North Carolina death act required proof of "pecuniary injury" and there was no sufficient allegation thereof.

[7] *ALABAMA: Stanford v. St. Louis-San Francisco R. Co.* (1926) 214 Ala 611 (108 So 566).

[8] Numerous text writers have also condemned the old rule denying recovery for prenatal injuries, *e.g.,* Prosser, *Torts* (3d ed), § 56, p 355, 2 Harper and James, *Torts,* § 18.3, pp 1028–1031. See also the articles cited in Prosser, *Torts* (3d ed), § 56, p 355, footnote 35.

Significantly, seven of the nine jurisdictions relied on by our Court in *Newman* in 1937 have changed their position.[9]   This leaves only Alabama and Ireland of those originally cited by this Court still denying recovery.   As for Alabama of the six cases from other jurisdictions[10] relied on by the Alabama Court in *Stanford* (fn. 5), all of which were also relied upon by this Court in *Newman,* all have now been overruled.

| [9] *Jurisdiction* | *Cases Cited by Newman* | *Reversed by* |
|---|---|---|
| Illinois | *Allaire* v. *St. Luke's Hospital* (1900), 184 Ill 359 (56 NE 638) | *Amann* v. *Faidy* (1953), 415 Ill 422 (114 NE2d 412) |
| Massachusetts | *Dietrich* v. *Northampton* (1884), 138 Mass 14 (52 Am Rep 242) | *Keyes* v. *Construction Service, Inc.* (1960), 340 Mass 633 (165 NE 2d 912); *Torigian* v. *Watertown News Co., Inc.* (1967), 352 Mass 446 (225 NE2d 926) |
| Missouri | *Buel* v. *United R. Co.* (1913), 248 Mo 126 (154 SW 71) | *Steggall* v. *Morris* (1953), 363 Mo 1224 (258 SW2d 577) |
| New York | *Drobner* v. *Peters* (1921), 232 NY 220 (133 NE 567, 20 ALR 1503) | *Woods* v. *Lancet* (1951), 303 NY 349 (102 NE2d 691) |
| Rhode Island | *Gorman* v. *Budlong* (1901), 23 RI 169 (49 A 704) | *Sylvia* v. *Gobeille* (1966), 101 RI 76 (220 A2d 222) |
| Texas | *Magnolia Coca Cola Bottling Company* v. *Jordan* (1935), 124 Tex 347 (78 SW2d 944, 97 ALR 1513) | *Leal* v. *C. C. Pitts Sand and Gravel, Inc.* (Tex, 1967), 419 SW2d 820 |
| Wisconsin | *Lipps* v. *Milwaukee Electric Railway & Light Company* (1916), 164 Wis 272 (159 NW 916) | *Kwaterski* v. *State Farm Mutual Automobile Insurance Company* (1967), 34 Wis 2d 14 (148 NW2d 107) |

[10] Illinois, Massachusetts, Missouri, New York, Rhode Island and Wisconsin (see fn 9).

This Court must therefore face forthrightly whether the law of *Newman* should continue to stand on the basis of *stare decisis* or whether Michigan should recognize what present day science, philosophy and the great weight of the law in this country consider the better and the sound rule. Some 20 years ago the New York Court of Appeals was also faced with the same problem in overruling precedent against allowing recovery for negligent infliction of prenatal injuries. *Woods* v. *Lancet* (1951), 303 NY 349 (102 NE2d 691) overruling *Drobner* v. *Peters* (1921), 232 NY 220 (133 NE 567, 20 ALR 1503) (one of the cases relied on by this Court in *Newman* in 1937). There Judge Desmond speaking for the court said:

"What, then, stands in the way of a reversal here? Surely, as an original proposition, we would, today, be hard put to it to find a sound reason for the old rule. Following *Drobner* v. *Peters* (*supra*) would call for an affirmance but the chief basis for that holding (lack of precedent) no longer exists. And it is not a very strong reason, anyhow, in a case like this. Of course, rules of law on which men rely in their business dealings should not be changed in the middle of the game, but what has that to do with bringing to justice a tort-feasor who surely has no moral or other right to rely on a decision of the New York Court of Appeals? Negligence law is common law, and the common law has been molded and changed and brought up-to-date in many another case. Our Court said, long ago, that it had not only the right, but the duty to reexamine a question where justice demands it,   *   *   *  ."  (p 354.)

This Court has followed the same legal philosophy. For example, in *Bricker* v. *Green* (1946), 313 Mich 218, 232, Justice BUSHNELL speaking for the Court quoted and adopted the following language of the Wisconsin Supreme Court:

" 'Were it a rule of property, we should certainly apply to it the rule of *stare decisis*. But it is not a rule of property. It is a pure judicial decree relating to liability for negligence, and the court would not for a moment give countenance to an argument that a wrongdoer relied upon it. We are, therefore, at liberty to change the rule in the needs of justice, and to conform to the overwhelming majority rule.' *Reiter* v. *Grober* [1921], 173 Wis 493 (181 N.W. 739, 18 A.L.R. 362)."

See also the consideration of the matter by Chief Justice T<small>HOMAS</small> M. K<small>AVANAGH</small> in *Parker* v. *Port Huron Hospital* (1961), 361 Mich 1, 10, 11.

In the light of the present state of science and the overwhelming weight of judicial authority, this Court now overrules *Newman*. We hold that an action does lie at common law for negligently inflicted prenatal injury. We adopt the reasoning and result of the New Jersey Supreme Court (which also involved a common-law action):

"And regardless of analogies to other areas of the law, justice requires that the principle be recognized that a child has a legal right to begin life with a sound mind and body. If the wrongful conduct of another interferes with that right, and it can be established by competent proof that there is a causal connection between the wrongful interference and the harm suffered by the child when born, damages for such harm should be recoverable by the child." *Smith* v. *Brennan* (1960), 31 NJ 353, 364, 365, (157 A2d 497, 503).

"Candor compels acknowledgment that the decision rendered today is a new ruling." *Griffin* v. *Illinois* (1956), 351 US 12, 25 (76 S Ct 585, 100 L Ed 891, 55 ALR2d 1055) (concurring opinion of Justice Frankfurter). In the interests of justice and fairness therefore "we are persuaded to hold that the

new rule applies to all pending and future cases, as in *Bricker* v. *Green* (1946), 313 Mich 218." *Daley* v. *LaCroix* (1970), 384 Mich 4, 14.

The judgment entered in the circuit court is vacated and the cause remanded for future proceedings in conformity with this opinion. The costs of this appeal will abide the final decision of this case.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.