QUINLIVAN v THE GREAT ATLANTIC AND PACIFIC TEA
COMPANY, INC

NEGLIGENCE—BUSINESS INVITEE—PARKING LOT—SNOW AND ICE—IN-
    CREASE OF HAZARD—AFFIRMATIVE ACT.

   A defendant supermarket is not liable for the injuries sustained
   by a plaintiff-customer where the customer slipped and fell on
   ice in a parking lot of the shopping center where the defend-
   ant's market was located where the record fails to disclose any
   affirmative act by the defendant which increased the hazard
   created by the natural accumulation of snow and ice or that
   created a new hazard.

Appeal from Wayne, Charles S. Farmer and
Neal E. Fitzgerald, JJ. Submitted Division 1 De-
cember 5, 1973, at Detroit. (Docket Nos. 15605,
16066.) Decided January 15, 1974. Leave to appeal
applied for.

Complaint by Larry E. Quinlivan and Lois Quin-
livan against Great Atlantic and Pacific Tea Co.,
Inc., Clarence Jahn, and Dorthea Jahn for negli-
gence. Cross-claim by the Great Atlantic and
Pacific Tea Co., Inc., against the Jahns seeking
indemnification. Judgment for the plaintiffs in the
negligence action and summary judgment for
Great Atlantic and Pacific Tea Co., Inc., on the
cross-claim. Great Atlantic and Pacific Tea Co.,
Inc., and the Jahns appeal. Reversed.

*Theodore M. Rosenberg,* for plaintiff.

*Neenan & Gugel,* for defendants Clarence and
Dorthea Jahn.

REFERENCE FOR POINTS IN HEADNOTE
57 Am Jur 2d, Negligence §§ 159, 268, 433.

*Vanderveer, Doelle, Garzia, Tonkin & Kerr* (by *John M. Heaphy) (Haggerty & Franklin,* of counsel), for The Great Atlantic and Pacific Tea Company, Inc.

Before: V. J. BRENNAN, P. J., and QUINN and CARLAND,* JJ.

QUINN, J. Larry E. Quinlivan was injured when he slipped and fell on the icy and snow-covered parking lot used by customers of A&P and the other businesses in a shopping center. The A&P store and the parking lot were part of a shopping center located on land owned by the Jahns. Larry E. Quinlivan came to the shopping center to shop for groceries at A&P. This action based on alleged negligent failure to maintain the parking lot in a reasonably safe condition resulted. A&P filed a cross-complaint against the Jahns (lessors of A&P) on the basis that Jahns were under a duty to indemnify A&P by the terms of the lease.

January 13, 1972, the Jahns moved for summary judgment on A&P's cross-claim. A&P answered and also moved for summary judgment. January 28, 1972, the Jahns' motion was denied and the A &P motion was granted. The Jahns appeal from the summary judgment in favor of A&P.

The plaintiffs' action was tried to a jury and resulted in verdicts of $135,000 in favor of Larry E. Quinlivan and of $25,000 in favor of Lois Quinlivan against A&P, and a verdict of no cause of action in favor of the Jahns and against the plaintiffs. Judgments entered on the verdicts and A&P appeals from the judgments, from denial of its motion for directed verdict, and from denial of its

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

motion for judgment notwithstanding the verdict or in the alternative for a new trial.

The proofs indicated that between January 26 and January 28, 1967, 4.3 inches of snow fell in the area; that no snow fell January 29 or 30. Larry E. Quinlivan fell January 30, 1967. The proofs further disclosed that the snow in the parking lot had been piled intermittently, indicating some attempt to clear the lot of snow, but there was no proof of who did this work or at whose direction it was done. The parking lot surface was covered with icy patches, dry patches, and piles of snow. Larry E. Quinlivan parked on a dry spot but slipped on ice and fell three or four steps away from his automobile. The parking lot was adequately lighted.

Under the lease between the Jahns and A&P, the former were responsible for the maintenance of the condition of the parking lot, including snow removal. The Jahns recognized this obligation by contracting for snow removal from the parking lot and for the salting of the parking lot. A&P and the other businesses in the shopping center repaid the Jahns for the expense incurred for snow removal and salting on a front foot building occupancy basis.

Assuming that someone did something by way of snow removal, this record fails to disclose any affirmative act by A&P which increased the hazard created by the natural accumulation of snow and ice or that created a new hazard. Absent such proof, A&P is not liable for the injuries sustained by Larry E. Quinlivan or the derivative damages sustained by his wife due to such injuries, *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958).

We recognize that *Weider* involved a sidewalk instead of a parking lot, but we find no logical

reason for restricting the *Weider* principles to sidewalks in this era of proliferating shopping centers. In our view, shopping center parking lots serve the same purpose as sidewalks, in addition to providing parking areas.

Reversal on the basis indicated herein obviates discussion of the other issues raised on appeal by either A&P or the Jahns.

Reversed with costs to A&P.

All concurred.