TATE v TOWN & COUNTRY LANES, INC.

COURTS—SUPREME COURT—CASE LAW—CASE PRECEDENT—RETROACTIVITY—RELEASES.

>A decision of the Supreme Court which overrules prior case law but which is not expressly made retroactive should be assumed to be intended to apply to all pending and future actions; therefore, a release which was executed in accordance with the existing law is not invalidated by a decision of the Supreme Court, not expressly retroactive, made four months after execution of the release.

Appeal from Genesee, Harry B. McAra, J. Submitted June 7, 1977, at Lansing. (Docket No. 30511.) Decided October 11, 1977.

Complaint by Daniel H. Tate and Margaret Tate against Town and Country Lanes, Inc., for damages for injuries received by Margaret Tate in a slip and fall. Accelerated judgment for defendant. Plaintiffs appeal. Affirmed.

*O'Rourke, Goldstein, Joseph & Kelly, P. C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Daniel Gimmy* and *Christine D. Oldani*), for defendant.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 231.
* Circuit judge, sitting on the Court of Appeals by assignment.

A. E. Keyes, J. Plaintiffs commenced suit against Town and Country Lanes on July 12, 1976. Margaret Tate claimed damages for injuries she sustained when, while on defendant's premises as an invitee, she fell on ice and snow in defendant's parking lot. In response, defendant asserted, *inter alia,* the affirmative defense that plaintiffs had, on July 25, 1975, executed a release of all claims against the defendant. On this basis defendant moved for an accelerated judgment of dismissal which was granted in an order dated October 7, 1976.

On appeal from this order plaintiffs contend that the release is not binding because its execution was based upon a mutual mistake of law and because there was inadequate consideration.

We find that the consideration paid to plaintiffs, $133.80, was adequate.

Under some circumstances a release will be set aside for a mutual mistake of the law if certain other factors are present. Was there a mutual mistake of law in the instant case? Plaintiff argues that the release was executed under a mutual mistake of law in that at the time of execution the parties believed that the case law in Michigan, as reflected in *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 51 Mich App 242; 214 NW2d 911 (1974), would have made litigation "fruitless", but that this was not the true state of the law since on appeal in *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), the prior case law was overruled. To buttress their contention, plaintiffs cite the following language from *Chuby v General Motors Corp,* 69 Mich App 563, 566–568; 245 NW2d 134 (1976), which involved circumstances significantly similar to those in the instant case:

"Plaintiff argued that it would have been absurd for plaintiff to intend to release defendant from liability resulting from deprivation of society and companionship for the reason that, at the time the release was executed, the law in Michigan apparently held that no such liability existed. See *Breckon v Franklin Fuel Co,* 383 Mich 251; 174 NW2d 836 (1970). As it developed, the apparent law was not the law, as *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972), held that the *Breckon* decision was incorrect. Therefore, when the releases in the instant case were executed, the law indicated that there could be no recovery for loss of society and companionship. However, the *Smith* case retroactively changed that result as to causes of action accruing before March 30, 1972. It appears, however, that the trial court concluded improperly that even a cause of action which was mistakenly believed not to exist was released because of the all-inclusive language contained in the instant releases.

" * * * In *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957), * * * the Court stated:

" 'To put it affirmatively, any release, to be sustained, must be "fairly and knowingly" made.'

* * *

" ' "If fraud or mutual mistake has induced the making of an unconscionable contract, courts ought to be more concerned about granting relief, than desirous of clinching future wrongs by making such contracts incontestable." ' "

Defendant's counter argument is:

"*The Quinlivan decision, decided some four months after Plaintiffs' signature of the release, was not made retroactive.* Thus, Plaintiffs and their attorney as well as Defendant and its representatives were not laboring under a mutual mistake of law."

The question of retroactivity is decisive in this case. The *Chuby* opinion shows that it was dealing with a retroactive change in the law:

"However, the *Smith* case retroactively changed that result as to causes of action accruing before March 30, 1972."

In *Chuby* the plaintiff had a cause of action at the time the release was executed but none of the parties were aware of that fact because the case which retroactively decided that a cause of action existed had not yet been decided. Thus, none of the parties knew, nor could they have known, at the time the release in *Chuby* was executed, what the "true" state of the law was. The *Chuby* parties were therefore necessarily mistaken as to the state of the law when the release was executed.

In the instant case, the release was executed on July 25, 1975. The Supreme Court's *Quinlivan* decision came on November 25, 1975. A reading of that opinion shows that it was not expressly made retroactive. We must assume that the new ruling was intended to be applied to all pending and future decisions. See *Plumley v Klein,* 388 Mich 1, 8; 199 NW2d 169 (1972), *Womack v Buchhorn,* 384 Mich 718, 725–726; 187 NW2d 218 (1971), *Daley v LaCroix,* 384 Mich 4, 14; 179 NW2d 390 (1970).

Not being retroactive, the *Quinlivan* decision does not suffice to invalidate the release. There was no mutual mistake of law.

Affirmed. Costs to defendant.