FRYOVER v FORBES

Docket No. 102270. Submitted July 14, 1988, at Grand Rapids. Decided March 20, 1989. Leave to appeal applied for.

Penny K. Fryover was sixteen weeks pregnant when she died in an automobile accident. Steven Fryover, individually and as personal representative of the estates of Penny K. Fryover and her fetus, brought a wrongful death action in Kent Circuit Court against Steven Forbes and Daryl Forbes, individually and doing business as Forbes Airview Farms. Defendants moved for summary disposition as to the claim relating to the fetus, contending that an action under the wrongful death act cannot be maintained on behalf of a nonviable fetus. The court, Robert A. Benson, J., granted defendants' motion. Plaintiff appealed.

The Court of Appeals *held:*

As explained in the dissenting opinion of Judge MAHER in *Toth v Goree,* 65 Mich App 296 (1975), lv den 396 Mich 836 (1976), a nonviable fetus can be considered a "person" under the wrongful death act.

Reversed and remanded for further proceedings.

WEAVER, P.J., dissented and would hold that the determination of whether a cause of action under the wrongful death act should be extended to a nonviable fetus not born alive must be made by the Legislature, which, in enacting the wrongful death act and subsequent amendments thereto, has not defined the term "person" to include a nonviable fetus not born alive. Judge WEAVER would affirm.

DEATH — WRONGFUL DEATH ACTIONS — NONVIABLE FETUSES.

An action under the wrongful death act can be maintained on behalf of a sixteen-week-old fetus not born alive (MCL 600.2922; MSA 27A.2922).

*Tolley, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *Linda Glaza-Herrington*), for plaintiff.

REFERENCES
Am Jur 2d, Death §§ 5, 183, 235.
Right to maintain action or to recover damages for death of unborn child. 84 ALR3d 411.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendants.

Before: WEAVER, P.J., and GILLIS and M. J. TAL-BOT,* JJ.

GILLIS, J. Penny Fryover was sixteen weeks pregnant with Karl James Fryover when both were killed because she swerved her vehicle in an attempt to avoid hitting a dog owned by defendants. Plaintiff brought wrongful death suits on behalf of both Penny and Karl. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10) as to plaintiff's wrongful death suit regarding Karl, claiming that a nonviable fetus is not a person under the wrongful death act. The trial court granted defendants' motion relying on this Court's decision in *Toth v Goree*, 65 Mich App 296; 237 NW2d 297 (1975), lv den 396 Mich 836 (1976). We agree with Judge MAHER's dissent in *Toth* and, therefore, reverse the trial court's decision. See also *Presley v Newport Hospital*, 117 RI 177; 365 A2d 748 (1976).

Reversed and remanded for further proceedings.

M.J. TALBOT, J., concurred.

WEAVER, P.J. *(dissenting)*. I dissent. I believe that the majority decision, which for the first time allows a wrongful death action for a nonviable fetus not born alive, constitutes judicial legislation. Under the facts here presented, the need is for judicial restraint.

When enacting the wrongful death act, MCL

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

600.2922; MSA 27A.2922,[1] the Legislature did not choose to define the word "person" to include a nonviable fetus which is not born alive. Neither has the Legislature chosen to do so by amendment, although the act has been amended as recently as 1985.

In extending a cause of action to a nonviable fetus not born alive, the majority relies upon the dissent in *Toth v Goree,* 65 Mich App 296; 237 NW2d 297 (1975), lv den 396 Mich 836 (1976). The *Toth* dissent extended the rationale of *O'Neill v Morse,* 385 Mich 130; 188 NW2d 785 (1971), which had judicially created a wrongful death action for a viable fetus not born alive. I do not believe that it is the role of this Court to further extend the meaning of the word "person" as used in the wrongful death act.

The common law of Michigan does not recognize a wrongful death action for a nonviable fetus not born alive. *Toth, supra* at 298-299; *O'Neill, supra* at 135-136; *Womack v Buchhorn,* 384 Mich 718, 725; 187 NW2d 218 (1971). Nor does the common law of Michigan recognize a parent's action for loss of a child's society and companionship. In reversing the extension of a negligent tortfeasor's liability for consortium damages, the Michigan Supreme Court stated:

> We hold that the common law of this state does not recognize a parent's action for loss of a child's

---

[1] MCL 600.2922(1); MSA 27A.2922(1) provides:

Whenever the *death of a person* or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, *if death had not ensued,* have entitled the party injured to maintain an action and recover damages, the person who or the corporation which would have been liable, *if death had not ensued,* shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony. [Emphasis added.]

society and companionship and that any decision to further extend a negligent tortfeasor's liability for consortium damages should be determined by the Legislature. [*Sizemore v Smock,* 430 Mich 283, 285; 422 NW2d 666 (1988).]

If Michigan is to allow a wrongful death action for a nonviable fetus not born alive, in my view such a determination should be made by the Legislature in light of the social and economic policy considerations involved.

I would affirm.