# STATE OF MICHIGAN

# COURT OF APPEALS

KEN YOUNG,

       Plaintiff-Appellant,

v

WALTON OIL, INC.,

       Defendant-Appellee.

UNPUBLISHED
February 6, 2018

No. 333794
Oakland Circuit Court
LC No. 2015-145680-NO

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

I concur in full with the majority opinion. I write separately to respectfully respond to the dissent's open and obvious danger analysis.

The dissent tacitly admits that a fact question exists regarding whether the ice on which plaintiff fell was visible on casual inspection. That fact question is not material, the dissent insists, because the surrounding wintery conditions supplied "visual clues" of dangers that might be present, rendering the ice open and obvious as a matter of law.

This approach comes dangerously close to resurrecting the natural accumulation doctrine, which our Supreme Court discarded in *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975). Moreover, the dissent's focus on the weather is misplaced. This is a premises liability case, which means that the legal issues relate to the condition of the land rather than the status of the climate.

*Quinlivan* is instructive on both scores. The plaintiff in that case parked in a "snow-covered and icy" grocery store parking lot, took several steps, and fell. *Id*. at 247. He alleged that "defendants negligently permitted a dangerous icy condition to exist in the parking lot area," and a jury agreed. *Id*. at 248. This Court reversed, invoking the reasoning of the natural accumulation doctrine. That doctrine holds that a premises owner is not liable for injuries due to the natural accumulation of snow and ice. See *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 51 Mich App 242, 244; 214 NW2d 911 (1974). This Court's opinion highlighted that during the week before Mr. Quinlivan's injury, 4.3 inches of snow fell and the "parking lot surface was covered with icy patches, dry patches, and piles of snow." *Id*. Because no evidence supported that the defendant had "increased the hazard created by the natural accumulation of snow and ice," this Court reversed the jury's verdict.

-1-

The Supreme Court emphatically rejected that wintery conditions relieve a premises owner of the responsibility to exercise reasonable care. A unanimous Court adopted the Alaska Supreme Court's approach to the duty owed to invitees during winter, expressed in *Kremer v Carr's Food Ctr, Inc*, 462 P2d 747 (Alas, 1969). In *Kremer*, the Alaska Supreme Court held that snowy surroundings do not eliminate a landowner's duty of care:

> The mere fact that snow and ice conditions prevail for many months throughout various locations in Alaska is not in and of itself sufficient rationale for the insulation of the possessor of land from liability to his business invitee. *Nor do such climatic conditions negate the possibility that the possessor should have anticipated harm to the business invitee despite the latter's personal knowledge of the dangerous snow and ice conditions or the general obviousness of such conditions*. [*Id*. at 752 (emphasis added).]

In *Quinlivan*, 395 Mich at 261, our Supreme Court borrowed the reasoning of the Alaska Supreme Court, rejecting "the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability." The Court expressed that although an invitor does not guarantee an invitee's safety, "the invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation." *Id*. This requires "that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee." *Id*. In regard to Mr. Quinlivan, the Court summarized:

> Evidence at trial indicated that at the time of the accident the parking lot was ice and snow covered and very slippery. Snow had not fallen for several days and there was no evidentiary indication that salt had been applied to the parking lot surface. Measuring the appropriate duty against the evidence, the jury could have permissibly determined that A & P's failure to exercise reasonable care caused plaintiff's injuries. [*Id*. at 261.]

This case differs from *Quinlivan* in a meaningful way. Here, the parking lot was *not* ice and snow covered. But the Supreme Court's holding in *Quinlivan* means that even when wintry conditions abound, a premises owner maintains a duty of due care. In other words, mere "visual clues" of winter do not abrogate the invitor's duty of care. Indeed, the Supreme Court in *Quinlivan* strenuously rejected "the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability." And unlike in *Quinlivan,* here there were no clues *on the premises* that the area around the gas pumps was dangerous.

Despite this factual distinction, *Quinlivan* guides my respectful rejection of the dissent's analysis. Even in the winter, the time-honored principles of premises liability law apply. When snow covers the ground and patches of ice are in view, an invitor nevertheless "has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation[.]" *Hoffner v Lanctoe*, 492 Mich 450, 464; 821 NW2d 88 (2012). The dissent goes astray, I believe, by conflating wintry conditions with an open and obvious danger created by a condition on the premises.

Objectively (and as the dissent concedes), whether the ice on which plaintiff slipped was "open and obvious" is a subject of dispute in this case. The weather conditions, the dissent

argues, tip the legal scale toward a finding of no duty. According to the dissent, the condition of the environment, rather than the condition of the premises, defines the landowner's duty. I submit that *Quinlivan* repudiated this reasoning. But even if that case is distinguishable for reasons I cannot fathom, I would find the dissent's argument logically flawed.

This is a *premises* liability case. In a premises liability action, we focus on the condition of the *premises*. When evaluated in the light most favorable to plaintiff, the gas station premises did not reveal any ice. That is not to say that the surrounding weather conditions are irrelevant. Whether plaintiff should have expected to encounter ice based on the temperatures and the climatic changes that occurred over the course of that day raises a question of comparative negligence, and not duty. See *Quinlivan*, 395 Mich at 261: "The conduct of the invitee will often be relevant in the context of contributory negligence."

I agree with the dissent in this repsect: this Court's "decisions have been somewhat inconsistent in this area of the law." Our Supreme Court has contributed to the inconsistencies. In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523-524; 629 NW2d 384 (2001), the Supreme Court instructed that "it is important for courts in deciding summary disposition motions by premises possessors in 'open and obvious' cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff." Indeed, the *Lugo* Court chastised the circuit court for engaging in precisely the same reasoning as advanced by the dissent:

> The trial court's remarks indicate that it may have granted summary disposition in favor of defendant because the plaintiff "was walking along without paying proper attention to the circumstances where she was walking." However, in resolving an issue regarding the open and obvious doctrine, the question is whether the condition of the premises at issue was open and obvious and, if so, whether there were special aspects of the situation that nevertheless made it unreasonably dangerous. In a situation where a plaintiff was injured as a result of a risk that was truly outside the open and obvious doctrine and that posed an unreasonable risk of harm, the fact that the plaintiff was also negligent would not bar a cause of action. This is because Michigan follows the rule of comparative negligence. Under comparative negligence, where both the plaintiff and the defendant are culpable of negligence with regard to the plaintiff's injury, this reduces the amount of damages the plaintiff may recover but does not preclude recovery altogether. [*Id*. at 523.;]

Yet, as the dissent points out, the Supreme Court's orders in *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), and *Cole v Henry Ford Health* Sys, 497 Mich 881; 854 NW2d 717 (2014), seem to support that wintry conditions factor into the open and obvious danger analysis. I respectfully disagree with the dissent's interpretation of those orders. But to the extent that the orders shifted the focus from the objective condition of the premises to the plaintiff's subjective degree of care, I find them unhelpful and at odds with *Lugo*.

In *Cole*, 497 Mich at 881, the Supreme Court cited "indicia" of winter—snow on the ground, temperatures below freezing, and recent precipitation—as support for the proposition that "A reasonably prudent person would foresee the danger of icy conditions on the mid-winter

night the plaintiff's accident occurred." In *Janson*, 486 Mich at 935, the Court expounded: "These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection." These comments about the weather have nothing to do with the objective conditions of the land. Rather, they relate solely to the plaintiffs' failure to use due care under the prevailing climatic circumstances by watching out for possible dangers. The orders speak in the language of comparative negligence, not duty.

In my view, the weather conditions that existed when plaintiff Ken Young fell should inform whether either he or defendant *breached* their respective duties of care, not whether such duties existed in the first place. Hazardous conditions in the environment—snow, fog, fireworks, barking dogs—may support that a party negligently failed to heed warnings of danger. But such conditions do not negate the duty of reasonable care owed to an invitee.

/s/ Elizabeth L. Gleicher