CAREY v MEIJER, INC

Docket No. 81848. Submitted March 18, 1986, at Detroit. Decided June 1, 1987. Leave to appeal applied for.

Thomas J. Carey, individually and as next friend of Kelly A. Carey, a minor, brought an action in the Wayne Circuit Court against Meijer, Inc., K mart Corporation, Riegel Textile Corporation and Quality Mills, Inc., for damages for injuries sustained by Kelly Carey. Quality Mills filed a third-party complaint against the child's mother, Sheila A. Carey, alleging acts of negligence and gross negligence and seeking contribution. Sheila Carey responded with a motion for summary judgment citing the doctrine of intrafamily tort immunity. The trial court, William J. Giovan, J., granted summary judgment to Sheila Carey. The facts indicate that the child's injuries occurred when Sheila Carey placed the four-month-old child in an infant seat on a counter top in close proximity to the kitchen range. The range was then turned on by Sheila Carey and the burner ignited a blanket, which in turn ignited a shirt worn by the child resulting in burn injuries to the child.

The Court of Appeals *held:*

The third-party complaint does allege ordinary negligence of the parent. The direct commission of a wrongful act, placing the child in close proximity to and turning on an electric range burner, was pled. The third-party plaintiff's claim is not necessarily one for negligent parental supervision. Leaving the child in close proximity to an operating range does not constitute an exercise of reasonable parental discretion.

Reversed.

CYNAR, J., concurred in the result only.

PARENT AND CHILD — NEGLIGENCE — ACTIONS.

A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent; two exceptions to this rule of law exist: (1) where the

REFERENCES

Am Jur 2d, Parent and Child §§ 138, 139.

Liability of parent for injury to unemancipated child caused by parent's negligence—modern cases. 6 ALR4th 1066.

alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Quality Mills, Inc.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Milton A. Lucow*), for third-party defendant.

Before: R. M. MAHER, P.J., and CYNAR and T. GILLESPIE,* JJ.

PER CURIAM. Defendant and third-party plaintiff, Quality Mills, Incorporated, appeals as of right from the order of the Wayne Circuit Court granting summary judgment under GCR 1963, 117.2(1) to third-party defendant, Sheila Ann Carey. We reverse.

According to the third-party complaint, Sheila Ann Carey is the natural mother of Kelly Ann Carey. Kelly was less than four months old on October 6, 1982. On that day, Sheila Carey placed Kelly Ann in an infant seat on a counter top in close proximity to a kitchen range. A burner on the kitchen range was turned on by Sheila Carey. The burner on the range ignited a blanket, which in turn ignited a shirt worn by Kelly Ann, resulting in burn injuries to the infant.

On November 21, 1983, Thomas J. Carey, Kelly Ann's natural father, filed suit in circuit court alleging negligence, a breach of express and implied warranties and product liability. Quality Mills, as manufacturer of the shirt worn by Kelly Ann, was added as a party defendant by order of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the circuit court dated January 27, 1984. Quality Mills filed a third-party complaint against Sheila Ann Carey, seeking contribution and alleging the following acts of negligence or gross negligence:

> (a) Placing the child and the blanket in close proximity to the electric range.
> (b) Turning on and/or failing to turn off the electrical burner with the child and the blanket in close proximity to the burner.
> (c) In permitting the blanket to contact or come in close proximity to the burner which was in a hot state.

Third-party defendant, Sheila Ann Carey, responded with a motion for summary judgment under GCR 1963, 117.2(1), citing the doctrine of intrafamily tort immunity. As noted *supra,* the trial court granted that motion. The trial court reasoned that the alleged acts of negligence on the part of Sheila Ann Carey were entitled to tort immunity in that they involved the care of the child.

In *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), our Supreme Court abrogated the doctrine of intrafamily tort immunity as set forth in *Elias v Collins,* 237 Mich 175; 211 NW 88 (1926). The *Plumley* Court held:

> A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and

dental services, and other care. [*Plumley, supra* at 8.]

Three years after *Plumley,* in *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975), lv den 395 Mich 751 (1975), the parents of a 2½-year-old child sued the defendant construction company for the wrongful death of the child who fell into a man-made hole on the defendant's construction site. Bing Construction responded with a third-party complaint alleging negligent supervision on the part of the parents and the parents countered with a motion for summary judgment. This Court upheld the trial court's order of summary judgment, reasoning that negligent parental supervision falls within the *Plumley* exceptions and is therefore entitled to immunity under Michigan law.[1] The *Paige* panel acknowledged that both *Plumley* exceptions are somewhat applicable to a claim of negligent supervision, but ultimately held that such claims fall within the exercise of reasonable parental authority over the child.

This Court has consistently followed *Paige* in a number of subsequent decisions involving claims of negligent parental supervision. However, in each of these decisions, no separate and affirmative act of negligence outside of the *Plumley* exceptions was pled.

In *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1977), a fourteen-month-old child was injured when a vaporizer kept on a buffet in the living room spilled as the child attempted to open the drawers of the buffet to get at the children's

---

[1] Cf.: *American States Ins Co v Albin,* 118 Mich App 201; 324 NW2d 574 (1982), lv den 417 Mich 955 (1983); *Zokas v Friend,* 134 Mich App 437; 351 NW2d 859 (1984) (parents have no immunity to tort claims by third parties for injuries incurred by the actions of their children under a negligent supervision theory).

books kept there. It was specifically noted in *Hush* that the vaporizer was positioned on the buffet because it was the highest piece of furniture in the house. It was assumed in *Hush* that the gravamen of the third-party claim was negligent supervision on the part of the grandmother and this Court's opinion was limited to the question of whether a party acting *in loco parentis* is entitled to claim intrafamily tort immunity.[2] We affirmed the trial court's order of summary judgment.

In *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980), the plaintiff minor child was injured in a dive into the deep end of the family swimming pool located in the backyard of the family home. The minor child alleged various acts of negligence on the part of his parents, including a failure to investigate the dangers of the pool, failure to post warnings or other safety devices and failure to instruct him on the safe use of the pool. This Court held that those claims fell within the immunity of the *Plumley* exceptions in that the gravamen of the complaint was negligent supervision. However, the *McCallister* panel also explained:

> Arguably, the act of having and maintaining a swimming pool as part of the home falls within the second exception of *Plumley, i.e.,* the exercise of reasonable parental discretion with respect to the provision of housing. "Housing" in its legal sense can be said to extend beyond the physical structure of the house itself and includes the premises within the actual control of the home-owner. Thus, it can be stated that the proper maintenance of a swimming pool, which lies

---

[2] The *Hush* panel concluded that the doctrine of intrafamily tort immunity extends to persons acting *in loco parentis.* That holding was subsequently limited to persons standing *in loco parentis* who are related by consanguinity, marriage or adoption in *Mayberry v Pryor,* 422 Mich 579; 374 NW2d 683 (1985).

within the boundaries of the property owned by the parents, constitutes maintenance of the home within the ambits of parental care under *Rodebaugh* [*v Grand Trunk W R Co,* 4 Mich App 559; 145 NW2d 401 (1966)]. The decision of defendants to have a swimming pool can be characterized as the exercise of reasonable parental discretion regarding the standard of housing they would provide for their family members. Such argument is feasible under the circumstances of the case; however, in light of the fact that the pool was used for three years without incident and the implicit conclusion that plaintiff's injuries were caused by the lack of proper supervision or instruction rather than improper maintenance of the pool, we conclude that the first exception of *Plumley, supra,* provides a better basis for establishing immunity in this instance. [*McCallister, supra* at 139-140.]

In *Wright v Wright,* 134 Mich App 800; 351 NW2d 868 (1984), a seven-year-old child received injuries as a result of self-inflicted gunshot wounds after climbing into an unlocked car in which a loaded gun had been left. The car was owned by a friend of the child's father with whom the child and father had traveled on a fishing trip. The mother and conservator for the child sued the father in negligence. This Court held that the complaint alleged negligent supervision and therefore failed to state a cause of action under the Michigan law of intrafamily tort immunity. We specifically noted:

No matter how much plaintiffs claim to the contrary, § 9 of the complaint can only be construed as an action for negligent parental supervision. The conduct which the complaint lists as negligent is the father's conduct in overseeing his daughter on the day the accident occurred. *Unlike cases falling outside of the parental supervision exception, this case does not involve the direct*

*commission of a wrongful act.* It was not the
father who loaded the gun or placed the gun on
the front seat. It was not the father's gun or his
car. [*Wright, supra* at 806-807.]

In *Mayberry v Pryor,* 134 Mich App 826; 352
NW2d 322 (1984), rev'd on other grounds 422 Mich
579; 374 NW2d 683 (1985), the plaintiff's four-year-
old child sued his foster parents in negligence for
injuries incurred as a result of a dog bite when the
child was left alone and unattended on the front
porch or in the yard of the residence of defendants
Pryor. As in *Hush,* the thrust of the Court's opin-
ion was directed to the issue whether intrafamily
tort immunity should be extended to foster par-
ents acting *in loco parentis.*[3] It was assumed that
the claim was for negligent supervision. Summary
judgment was affirmed.

Finally, in *Haddrill v Hamon,* 149 Mich App
702; 386 NW2d 643 (1986), a twelve-year-old child
was injured while riding a 100 cc dirt bike pur-
chased by his father. The child sued his father,
alleging negligent entrustment and failure to su-
pervise. We held:

> We conclude that the asserted negligence of
> Gary Haddrill in providing his son with a 100 cc
> dirt bike and in failing to properly train, educate
> or supervise him in its use falls within the scope of
> "reasonable parental authority" over the child and
> is cloaked with immunity under *Plumley v Klein,
> supra.* Providing instruction and education so that
> a child may be aware of dangers to his or her well-
> being is also included in the definition of "reason-
> able parental authority." *McCallister v Sun Valley*

[3] In holding that intrafamily tort immunity should not be extended
to foster parents, the Supreme Court did not reach the issues of
whether negligent supervision falls within the purview of intrafamily
tort immunity and whether the reasonableness of the alleged paren-
tal conduct in the *Plumley* exceptions is a question of fact.

*Pools, Inc, supra,* p 139; *Paige v Bing Construction, supra,* p 484. A parent may determine, in the exercise of "reasonable parental authority," that his or her child may or may not ride a dirt bike. Plaintiffs' claim against the father is therefore barred by the doctrine of parental immunity. Summary judgment was proper under GCR 1963, 117.2(1). [*Haddrill, supra* at 706.]

We hold that the third-party complaint in this case does allege, in the words of the *Plumley* Court, "ordinary negligence of the parent." Unlike in *Paige, Hush, Wright* and *Mayberry,* the direct commission of a wrongful act, placing the child in close proximity and turning on an electric range burner, has been pled in this action. Thus, we hold that the third-party plaintiff's claim is not necessarily one for negligent parental supervision. To construe the third-party plaintiff's pleadings as an allegation of negligent supervision would allow the exception nurtured by this Court to wholly consume the general rule of ordinary negligence set forth by our Supreme Court in *Plumley.* That, we decline to do.

We instead find the instant case to be more closely analogous to *Grodin v Grodin,* 102 Mich App 396; 301 NW2d 869 (1980), lv den 412 Mich 867 (1981), in which the child pled negligence on the part of his mother in taking Tetracycline during the course of his gestation. However, in *Grodin,* we held that reasonable minds could differ on the question whether the allegedly tortious activity constituted negligence.[4] Here we conclude that reasonable minds could not differ. The facts pled in the third-party complaint clearly state a claim for negligence. We cannot hold that leaving a four-month old-child in close proximity to an

[4] See *Wright v Wright, supra,* R. M. MAHER, J., concurring.

operating range constitutes an exercise of "reasonable parental discretion."

As we have previously held:

> This Court's review of the grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. [*Ortiz v Textron, Inc,* 140 Mich App 242, 243-44; 363 NW2d 464 (1985).]

We do not find the third-party claim to be so clearly unenforceable as a matter of law that no factual development could justify a right to contribution.

Reversed.

CYNAR, J., concurs in the result only.