## THELEN v THELEN

Docket No. 97517. Submitted May 5, 1988, at Grand Rapids. Decided January 18, 1989.

Jennifer Thelen, age six, while on a scheduled weekend visitation with Jerome and Teresa Thelen, was bitten on the face by a cocker spaniel acquired by them earlier in the day. Jennifer apparently had not provoked the dog. By and through her next friend, Lynda L. Vrendenburg, Jennifer filed suit against her father and stepmother in district court alleging that they were strictly liable for her injuries under Michigan's dog-bite statute and alleged defendants' negligence and common-law liability for dog bites under Michigan's Dog Law of 1919. Defendants moved for summary disposition, arguing that they were protected from all liability by the doctrine of parental immunity. The district court agreed that defendants were immune from common-law liability and granted summary disposition in favor of defendants as to the claims of negligence and common-law liability. The court also concluded, however, that parental immunity would not bar plaintiff's strict liability claim and denied defendants' motion for summary disposition as to the strict liability claim. On appeal, the Kent Circuit Court, Woodrow A. Yared, J., held that parental immunity barred both the common-law liability and strict liability claims. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. A stepparent standing in loco parentis may assert parental immunity as a defense to tort liability. When plaintiff was under defendants' care and control pursuant to the visitation schedule set forth in Jerome Thelen's divorce decree, his new wife, Teresa Thelen, stood in loco parentis to plaintiff. The defense of parental immunity therefore was available to defendant Teresa Thelen.

2. Parental immunity bars plaintiff's common-law tort liability claims.

3. The doctrine of parental immunity does not bar a child's

References

Am Jur 2d, Parent and Child §§ 138 *et seq.*

Liability of parent for injury to unemancipated child caused by parent's negligence—modern cases. 6 ALR4th 1066.

cause of action brought against her parents or stepparents pursuant to the dog-bite statute, i.e., on the basis of strict liability of a dog owner for injuries inflicted by an unprovoked dog.

Affirmed in part and reversed in part.

1. Parent and Child — Torts — Parental Immunity — Stepparents — In Loco Parentis.

A stepparent standing in loco parentis may assert parental immunity as a defense to tort liability in an action brought by a stepchild against the stepparent.

2. Parent and Child — Torts — Negligent Supervision — Parental Immunity.

Claims of negligent supervision of a child brought against a parent or one in loco parentis are barred where the alleged negligent act involves an exercise of reasonable parental authority over the child or where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

3. Parent and Child — Dog Bites — Strict Liability — Parental Immunity.

The doctrine of parental immunity does not bar a child's cause of action based on strict liability of a dog owner for injuries inflicted by an unprovoked dog (MCL 287.351; MSA 12.544).

*Law Offices of Joseph William Moch* (by *Kenneth J. Sanders*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Susan J. Bradley*), for defendants.

Before: MacKenzie, P.J., and Shepherd and M. E. Dodge,* JJ.

Per Curiam. In this dog-bite case, we are asked to decide whether plaintiff's claims of common-law liability and strict liability are precluded by the doctrine of parental immunity. Plaintiff appeals by leave granted from a circuit court order which

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

reversed the district court's denial of defendants' motion for summary disposition as to her strict liability claim and affirmed the district court's grant of summary disposition in favor of defendants on plaintiff's common-law liability claims. We affirm in part and reverse in part.

Defendants Thelen are the noncustodial father and stepmother of plaintiff. Plaintiff's second amended complaint alleges that while sitting on a sofa during a scheduled weekend visitation with defendants, plaintiff, age six, was bitten on the face by a cocker spaniel which defendants had acquired earlier in the day and which had not been provoked into biting. Plaintiff filed a complaint against defendants in district court, alleging in Count I that defendants were strictly liable for her injuries under Michigan's dog-bite statute, MCL 287.351; MSA 12.544. Counts II through V alleged defendants' negligence and common-law liability for dog bites under Michigan's Dog Law of 1919, MCL 287.288; MSA 12.539.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim, arguing that they were protected from all liability by the doctrine of parental immunity. The district court agreed that defendants were immune from common-law liability and granted summary disposition on Counts II through V. The district court concluded, however, that parental immunity would not bar plaintiff's strict liability claim and denied defendants' motion as to Count I. On appeal, the circuit court held that parental immunity barred both plaintiff's common-law liability and strict liability claims.

The threshold question in the case is whether a stepparent of a minor child may assert the defense of parental immunity. In *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1977), this Court

extended parental immunity to persons standing in loco parentis to a child. In so doing, the *Hush* Court cited *London Guarantee & Accident Co v Smith,* 242 Minn 211; 64 NW2d 781 (1954), and *Lyles v Jackson,* 216 Va 797; 223 SE2d 873 (1976), both of which extended immunity to stepparents standing in loco parentis. See also cases discussed in 6 ALR4th 1066 and 41 ALR3d 904. Consistent with *Hush, supra,* we hold that a stepparent standing in loco parentis may assert parental immunity as a defense to tort liability. Moreover, we find no error in the district court's conclusion that when plaintiff was under defendants' care and control pursuant to the visitation schedule set forth in defendant Jerome Thelen's divorce decree, his new wife, defendant Teresa Thelen, stood in loco parentis to plaintiff. Accordingly, the defense of parental immunity was available to her.

We next consider whether parental immunity bars plaintiff's common-law tort liability claims. In *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), the Supreme Court abrogated the doctrine of intrafamily tort immunity as set forth in *Elias v Collins,* 237 Mich 175; 211 NW 88 (1926). The *Plumley* Court held:

> A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. [*Plumley, supra,* p 8.]

Thus, in order to prevail on her common-law

arguments, plaintiff's case must fall outside the two *Plumley* exceptions.

This Court has interpreted *Plumley* several times. Panels in *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975), lv den 395 Mich 751 (1975); *Hush v Devilbiss Co, supra; Mc-Callister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980); *Wright v Wright,* 134 Mich App 800; 351 NW2d 868 (1984); *Mayberry v Pryor,* 134 Mich App 826; 352 NW2d 322 (1984), rev'd on other grounds 422 Mich 579; 374 NW2d 683 (1985); *Haddrill v Damon,* 149 Mich App 702; 386 NW2d 643 (1986), all held, either explicitly or by implication, that claims of negligent supervision of a child brought against a parent or one in loco parentis are barred under the *Plumley* exception retaining immunity for acts of "reasonable parental authority."[1]

---

[1] But see *Grodin v Grodin,* 102 Mich App 396; 301 NW2d 869 (1980), lv den 412 Mich 867 (1981), and *Carey v Meijer, Inc,* 160 Mich App 461; 408 NW2d 478 (1987). *Grodin* and *Carey* both involved *Plumley's* "reasonable parental discretion" exception. In *Grodin,* a child brought an action against his mother alleging that she was negligent in taking Tetracycline during the course of the child's gestation. This Court remanded for a determination as to whether the mother's conduct was reasonable, stating that a "determination that the defendant's conduct was unreasonable would take the action out of the second exception of *Plumley." Grodin, supra,* p 401. In *Carey,* a four-month-old child was burned when her blanket and clothes caught on fire after her mother placed her in proximity to an operating range. The mother asserted parental immunity in a third-party negligence action brought by the manufacturer of the child's clothing. This Court found no parental immunity under the second *Plumley* exception because, as a matter of law, the mother's conduct was unreasonable.

We find the reasoning of *Grodin* and *Carey* flawed. By focusing on the *reasonableness* of the parents' conduct, the analysis employed in those cases begs the question of whether the parent is entitled to immunity from tort liability. Both cases conclude that if a parent was negligent, he or she will not be immune from liability. The logical predicate to the immunity question, however, is an assumption that the defendant's conduct was negligent, and hence unreasonable; the issue is whether the parent should be shielded from liability for that unreasonable conduct. To properly resolve that issue, the focus must be placed not on the reasonableness of the parent's conduct, but on the *type* of activity the parent was involved in at the time of the

Plaintiff contends that none of these decisions is applicable to the instant case since her complaint alleges negligent supervision of a dog rather than a child. Assuming arguendo that plaintiff is correct, we are satisfied that the negligence alleged falls squarely within the second *Plumley* exception. Plaintiff's complaint is clearly based on parental maintenance of the home environment, in that defendants allowed the home to be occupied by an "unleashed and roaming" dog. Despite the creative wording of plaintiff's complaint, the underlying allegation of liability is based on the defendants' decision to bring the dog into their home. Under the second exception of *Plumley,* defendants are shielded from tort liability on Counts II through v of plaintiff's complaint.

We are nonetheless of the opinion that the doctrine of parental immunity does not bar a child's cause of action based on strict liability of a dog owner for injuries inflicted by that dog under MCL 287.351; MSA 12.544. The statute states in pertinent part:

> The owner of any dogs which shall without provocation bite any person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

The statute places absolute liability on the dog owner, except when the dog bites after having been provoked. *Nicholes v Lorenz,* 49 Mich App 86,

---

alleged negligence—whether the parent was exercising "reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Plumley, supra,* p 8. Under this analysis, if the act complained of constituted such discretionary conduct, immunity should attach.

88; 211 NW2d 550 (1973), aff'd 396 Mich 53; 237 NW2d 468 (1976); *Veal v Spencer,* 53 Mich App 560; 220 NW2d 158 (1974), lv den 392 Mich 817 (1974). Plaintiff's complaint alleges that a dog owned by defendants bit the plaintiff without having been provoked. Defendants' liability thus depends on whether parental immunity bars suits based on strict liability torts.

Although there is no Michigan authority on the question whether parental immunity bars a suit based on the dog-bite statute, *Dower v Goldstein,* 143 NJ Super 418; 363 A2d 373 (1976), is directly on point. In *Dower,* the court held that parental immunity did not bar a suit based on a strict liability dog-bite statute similar to the Michigan statute, despite the fact that New Jersey will bar suits based on negligent parental supervision. *Foldi v Jeffries,* 93 NJ 533; 461 A2d 1145 (1983). The *Dower* court essentially combined the growing judicial trend of abrogation of parental immunity and the legislative decision to impose strict liability for dog bites to reach the conclusion that the plaintiff in *Dower* could bring the suit.

We find the rationale of *Dower* persuasive. As in New Jersey, the courts of this state have moved towards abrogation of parental immunity. *Plumley, supra.* Furthermore, it appears that in enacting a dog-bite statute which imposes strict liability on the owner, the Legislature intended "provocation" to be the only defense to a strict liability claim. Cf. *Nicholes, supra,* p 88. We therefore hold that parental immunity does not bar dog-bite suits based on MCL 287.351; MSA 12.544. In view of the Legislature's determination that dog owners will be liable to persons injured while "lawfully on or in a private place, including the property of the owner of the dog," we see no sound reason to deny

recovery on the basis of the parties' familial relationship.

Affirmed in part and reversed in part.

SHEPHERD, J., concurs in the result.