## ASHLEY v BRONSON

Docket No. 120017. Submitted November 14, 1990, at Lansing. Decided May 21, 1991, at 9:35 A.M. Leave to appeal sought.

Robert D. Ashley, conservator of the estate of Mattie Bronson, a minor, brought an action in the Saginaw Circuit Court against Norman Bronson, Mattie's father, alleging that the defendant had been negligent when he had constructed certain stairs and a gate which allowed access to the above-ground swimming pool in the family's yard and that as a result of that negligence Mattie fell into the pool and suffered severe brain damage. The court, Lynda L. Heathscott, J., denied the defendant's motion for summary disposition based on intrafamily immunity. The court entered judgment on a verdict in favor of the plaintiff. The defendant appealed.

The Court of Appeals *held:*

Intrafamily tort immunity has been abrogated, except that a child may not maintain a lawsuit against a parent for injuries suffered as a result of the alleged ordinary negligence of the parent where the alleged negligent act involves an exercise of reasonable parental authority over the child or an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care. The defendant's decisions to maintain a swimming pool on the property of the family home and to construct the stairs and gate leading to the deck around the pool were the exercise of reasonable parental discretion with respect the providing of housing for his child. The trial court should have granted the motion for summary disposition.

Reversed.

CAVANAGH, P.J., concurred in the result only.

PARENT AND CHILD — TORTS — PARENTAL IMMUNITY — SWIMMING POOLS.

The decision to have a swimming pool upon one's property and

REFERENCES

Am Jur 2d, Parent and Child §§ 138, 139, 141.

Liability of parent for injury to unemancipated child caused by parent's negligence—modern cases. 6 ALR4th 1066.

the choices made concerning the manner and extent of measures undertaken to prevent one's child from accidently falling into the pool are matters of reasonable parental discretion with respect to the providing of housing for the child; parents are immune from suit by their children for injuries suffered as a result of any act of ordinary negligence, either active or passive, relating to the maintaining of a swimming pool on the property of the family home.

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Leonard B. Shulman*), for the plaintiff.

*Purcell, Tunison & Cline, P.C.* (by *Donald E. Cline, Sr.*) (*Cheatham & Acker, P.C.* by *James G. Gross* and *Mary T. Nemeth*, of Counsel), for the defendant.

Before: CAVANAGH, P.J., and JANSEN and T. J. LESINSKI,* JJ.

PER CURIAM. Defendant appeals as of right a July 31, 1989, judgment of $1,195,000 in favor of plaintiff in this negligence action. Judgment was rendered after a three-day jury trial in the Saginaw Circuit Court. Plaintiff is the conservator of the estate of defendant's daughter, Mattie. On appeal, defendant's only claim is that the trial court erred in denying his motions for summary disposition, which were based on intrafamily immunity. We reverse.

In May of 1986, the Bronsons purchased a home in Elsie, Michigan. The prior owners had installed an above-ground swimming pool with a metal deck surrounding the pool. They had also built a wooden deck which abutted the pool. However, there were no steps leading up to the wooden deck, and the gate between the wooden deck and the pool was missing. Using extra lumber that was

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

apparently left over from the deck construction, defendant built stairs leading to the wooden deck, and a gate between the wooden deck and the pool. The gate was latched at the top with a "hook and eye" arrangement.

On July 9, 1987, defendant was at home with his five children, including 2½-year-old Mattie. During this time defendant was cleaning the pool. After vacuuming the pool for fifteen or twenty minutes, defendant left the metal deck of the pool, shut the gate, and went to the side of the pool to clean out the filtering system. Defendant heard the children on the metal deck, went up to chase the children away, and noticed that Mattie was missing. After searching the berry patch where the children were playing previously, defendant went back to the pool and found Mattie lying on the bottom. Mattie suffered severe brain damage, has undergone extensive treatment, and is only expected to live ten to fifteen years.

Mattie, by her conservator, brought suit against defendant, claiming that defendant was negligent and that he had created a nuisance by constructing and installing the gate and stairs in a manner that (1) defeated the safety features that had been designed into the pool, (2) was not in accordance with generally accepted standards of safety, (3) allowed improper access to the pool area by children, and (4) was generally of an unsafe design. Defendant moved for summary disposition under MCR 2.116(C)(8), failure to state a claim on which relief could be granted, and MCR 2.116(C)(10), no genuine issue of material fact. Defendant argued that he was immune from tort liability under the doctrine of intrafamily tort immunity. The trial court denied defendant's motion. Defendant renewed his motion at trial, and the court again denied the motion.

The sole issue in defendant's motions for summary disposition, as it is on appeal, was whether the intrafamily immunity doctrine was available to defendant. Because the case concerns only an issue of law, we will analyze the case under MCR 2.116(C)(8).

A motion under MCR 2.116(C)(8) tests the legal basis for the complaint. The court must accept as true all well-pleaded factual allegations, as well as any conclusions which can reasonably be drawn therefrom. The court may grant the motion only when the claim, on the pleadings alone, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990).

In *Plumley v Klein,* 388 Mich 1, 8; 199 NW2d 169 (1972), our Supreme Court abrogated intrafamily immunity as a general rule, but provided two exceptions to the general rule of no immunity:

> We are persuaded that the modern rule best serves the interests of justice and fairness to all concerned. The case of *Elias v Collins* [237 Mich 175; 211 NW 88 (1926)] which provides for intrafamily tort immunity is overruled. A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

The first *Plumley* exception has been extensively

discussed in decisions of this Court. See, for example, *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975); *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1970); *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131; 298 NW2d 687 (1980); *Wright v Wright,* 134 Mich App 800; 351 NW2d 868 (1984); *Mayberry v Pryor,* 134 Mich App 826; 352 NW2d 322 (1984), rev'd on other grounds 422 Mich 579; 374 NW2d 683 (1985); *Haddrill v Damon,* 149 Mich App 702; 386 NW2d 643 (1986). All of these cases held, either explicitly or implicitly, that claims of negligent supervision of a child are barred under the first *Plumley* exception. See *Thelen v Thelen,* 174 Mich App 380, 384; 435 NW2d 495 (1989).

In the instant case, plaintiff did not allege that defendant's negligent supervision led to Mattie's injuries. Rather, he claimed that defendant negligently constructed and equipped the wooden gate leading to the swimming pool. Thus, this case does not concern the first *Plumley* exception. Instead, the issue is whether defendant was entitled to immunity under the second exception. Defendant argues that his construction of the pool gate was an "alleged negligent act" that involved "an exercise of reasonable parental discretion with respect to the provision of . . . housing" and that he therefore should have been granted summary disposition of plaintiff's claim. We agree.

The second *Plumley* exception has received less attention in the decisions of this Court than has the first exception. In *Grodin v Grodin,* 102 Mich App 396; 301 NW2d 869 (1980), the Court decided that the use of the word "reasonable" in the two *Plumley* exceptions requires that the trier of fact, not the court, decide whether the exceptions apply. In that case, a child sued his mother for negligently taking tetracycline during pregnancy,

which caused the child's teeth to discolor. The trial court granted the mother's motion for summary disposition on the basis that the mother was immune from liability under the second *Plumley* exception.

This Court agreed with the trial court that the mother's decision to take the tetracycline was an exercise of discretion. The Court said, however, that "[t]he focal question is whether the decision reached by a woman in a particular case was a '*reasonable* exercise of parental discretion.'" *Id.,* p 400. The Court therefore reversed and remanded for a determination of whether the mother's conduct was reasonable:

> A determination that the defendant's conduct was unreasonable would take the action out of the second exception of *Plumley, supra,* and thus parental immunity would not be available to defendant Roberta Grodin. A determination by a jury that the defendant mother acted reasonably in her exercise of her discretion would give rise to *Plumley* parental immunity and absolve her of liability. [*Id.,* p 401.]

The *Grodin* Court's analysis was assailed by a panel of this Court in *Mayberry v Pryor, supra,* pp 832-833:

> The *Grodin* Court misinterpreted *Plumley* when it focused on the reasonableness of the alleged negligent conduct. An examination of the language from *Plumley* previously quoted shows that the *Plumley* Court used the word "reasonable" to limit the scope of parental authority and parental discretion falling within the exceptions. Proper application of the *Plumley* exceptions requires a determination, not of the reasonableness of defendant's conduct, but rather of the scope of "reasonable parental authority" and of "reasonable parental

discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care".

The *Mayberry* Court went on to conclude that the determination of whether conduct falls within one of the *Plumley* exceptions is a question of law for the court. *Id.,* p 833.

The second *Plumley* exception was also discussed in *McCallister v Sun Valley Pools, Inc, supra,* p 131. In that case, a child was injured when he dove into the family pool. In his suit, the child claimed that his parents owed him a duty to investigate the dangerous nature of the pool, make the pool safe or purchase only a safe pool, properly look after him, warn him of possible dangers, and instruct him on the safe use of the pool. The parents moved for summary disposition, arguing that they were immune from liability under both *Plumley* exceptions. The Court decided that the parents were immune under the first exception, because the alleged negligent acts and omissions involved an exercise of reasonable parental supervision over the child. *Id.,* p 139. The Court also discussed the application of the second *Plumley* exception:

> Arguably, the act of having and maintaining a swimming pool as part of the home also falls within the second exception of *Plumley, i.e.,* the exercise of reasonable parental discretion with respect to the provision of housing. "Housing" in its legal sense can be said to extend beyond the physical structure of the house itself and includes the premises within the actual control of the homeowner. Thus, it can be stated that the proper maintenance of a swimming pool, which lies within the boundaries of the property owned by the parents, constitutes maintenance of the home within the ambits of parental care under *Rode-*

*baugh* [v *Grand Trunk W R Co,* 4 Mich App 559; 145 NW2d 401 (1966)]. The decision of defendants to have a swimming pool can be characterized as the exercise of reasonable parental discretion regarding the standard of housing they would provide for their family members. [*Id.,* pp 139-140.]

Finally, the second *Plumley* exception was also discussed in *Carey v Meijer, Inc,* 160 Mich App 461; 408 NW2d 478 (1987), where the Court followed *Grodin* and held that because the plaintiff had clearly stated a claim for negligence, summary disposition was improperly granted to the defendant. In *Carey,* a mother had placed her infant child on a counter top in proximity to the stove. The child's blanket ignited, and the child was burned. The *Carey* Court summarized several of the cases that had construed the *Plumley* exceptions and then determined that the case was more closely analogous to *Grodin.* However, the Court stated that, whereas in *Grodin* reasonable minds could disagree concerning whether the parent's conduct constituted negligence, the complaint in *Carey* had clearly stated a claim of negligence. Therefore, the second *Plumley* exception was not available to the mother. *Carey,* pp 468-469.

The *Grodin* and the *Carey* opinions were criticized in the recent decision of this Court in *Thelen, supra,* pp 384-385, n 1:

> We find the reasoning of *Grodin* and *Carey* flawed. By focusing on the *reasonableness* of the parent's conduct, the analysis employed in those cases begs the question of whether the parent is entitled to immunity from tort liability. Both cases conclude that if a parent was negligent, he or she will not be immune from liability. The logical predicate to the immunity question, however, is an assumption that the defendant's conduct was negligent, and hence unreasonable; the issue is

whether the parent should be shielded from liability for that unreasonable conduct. To properly resolve that issue, the focus must be placed not on the reasonableness of the parent's conduct, but on the *type* of activity the parent was involved in at the time of the alleged negligence—whether the parent was exercising "reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Plumley, supra,* p 8. Under this analysis, if the act complained of constituted such discretionary conduct, immunity should attach. [Emphasis in original.]

In the instant case, it would appear that the trial court followed, at least implicitly, the *Grodin* and *Carey* decisions. In its opinion denying defendant's initial motion, the court did not expressly address whether the second exception applied. Instead, the court stated that because plaintiff had clearly stated a claim for "the alleged ordinary negligence" of the father, summary disposition was improper. Thus, the court assumed, consistent with *Grodin* and *Carey,* that where a plaintiff clearly has pleaded a negligence cause of action, summary disposition is improper.

We disagree that summary disposition was improper merely because the plaintiff has pleaded a negligence cause of action. Instead, we agree with the above-quoted analyses of this issue by the *Mayberry* and *Thelen* Courts. The question is not whether defendant negligently built the gate; the question is whether defendant's alleged negligent act reasonably fell within one of the *Plumley* exceptions. We hold that in this case defendant's alleged negligent act fell within the second exception and that he was entitled to immunity. Defendant's decision to keep the swimming pool on the property, as well as defendant's decision to build

the gate and his subsequent acts in building the gate, was an exercise of reasonable parental discretion regarding the provision of housing for defendant's family. *McCallister, supra.* The trial court therefore erred in denying defendant's motion for summary disposition.

Plaintiff argues that because defendant's alleged negligent act—constructing the gate—constituted "active" or "affirmative" negligence, the exception does not apply. Support for this argument can be found in *Carey,* where the Court said: "Unlike in *Paige, Hush, Wright,* and *Mayberry,* the direct commission of a wrongful act, placing the child in close proximity and turning on an electric range burner, has been pled in this action." *Carey, supra,* p 468.

We disagree that this case falls outside the range of the second *Plumley* exception merely because plaintiff alleged an act of negligence, as opposed to an omission. First, the *Carey* Court's reference to a "direct commission of a wrongful act" was intended to distinguish that case from the negligent supervision cases; the statement does not form a basis for finding that neither exception applies. Further, the wording of the *Plumley* exceptions belies this argument. Both exceptions refer to "the alleged negligent *act.*" Thus, the exceptions recognize that one who has committed a negligent *act* can be immune from liability where the act falls within the purview of one of the exceptions.

The opposite conclusion would lead to an anomalous result: Because defendant took steps (insufficient though they were) to protect the safety of his children, his actions fell outside the realm of the exceptions, but had he *not* installed the gate—if he had simply ignored the potential danger of the pool—and Mattie had fallen into the pool because

of his negligent supervision, he would be immune from liability under the first *Plumley* exception. This could not have been the result envisioned by the *Plumley* Court. Accordingly, we hold that the trial court erred in denying defendant's motions for summary disposition.

Reversed.

Cavanagh, P.J., concurred in the result only.