RICHARDSON v MICHIGAN HUMANE SOCIETY

Docket No. 181938. Submitted October 8, 1996, at Detroit. Decided February 14, 1997, at 9:00 A.M.

Mark Richardson, a minor, by and through his next friend, George Richardson, brought an action in the Wayne Circuit Court against the Michigan Humane Society, seeking damages for injuries sustained by Mark Richardson when he was bit by a dog that the Richardson family adopted from the defendant. The court, Roland L. Olzark, J., granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's complaint failed to allege a duty owed by the defendant to the plaintiff.

2. The trial court properly focused on determining whether a genuine issue of material fact existed for trial and whether the defendant was entitled to a judgment as a matter of law.

Affirmed.

*Ben F. Moore & Associates* (by *Renald A. Benczkowski*) for the plaintiff.

*Gofrank and Kelman* (by *Barry M. Kelman*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and HOOD and H. D. SOET*, JJ.

PER CURIAM. Plaintiff, Mark Richardson, a minor, by his next friend, George Richardson, appeals as of right from the trial court's December 9, 1994, grant of summary disposition for defendant pursuant to MCR 2.116(C)(10). We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The events out of which this cause of action arose occurred after the Richardson family obtained a dog from defendant pursuant to a "Pet Adoption Agreement." Several days later, the dog bit plaintiff, Mark Richardson, a six-year-old minor, on the face. Before the dog was "adopted," workers at the Humane Society attached a kennel card to the dog's cage that stated that the dog was "good with kids," "good on a leash," and "sits on command." On the basis of those statements, plaintiff brought suit alleging negligence, misrepresentation, detrimental reliance, and breach of warranty. We affirm the trial court's order on the basis of its determination that there was no genuine issue of material fact.

Plaintiff first argues that defendant failed to properly move, and support its motion, for summary disposition with regard to the negligence claim. A party moving for summary disposition under MCR 2.116(C)(10) must specifically identify the issues regarding which the moving party believes there is no genuine issue of material fact. MCR 2.116(G)(4); *Skinner v Square D Co*, 445 Mich 153, 160; 516 NW2d 475 (1994). The moving party must support its motion with documentary evidence. MCR 2.116(G)(3)(b). Once the moving party properly supports its motion, the nonmoving party must respond with documentary evidence setting forth specific facts showing that there is a genuine issue for trial. MCR 2.116(G)(4); *Skinner, supra*, p 160. The nonmoving party may not rest upon mere allegations or denials in the pleadings. *Id.*

First, we find no merit in plaintiff's contention that defendant's motion for summary disposition did not address the negligence claim. It is clear that defend-

ant addressed the negligence claim in both its motion for summary disposition and its brief in support of the motion. Furthermore, while neither defendant's motion for summary disposition nor plaintiff's response to defendant's motion was particularly well drafted, defendant supported its motion with documentary evidence sufficient to show that no genuine issue of material fact existed for trial. In response to defendant's motion, plaintiff generally asserted that genuine issues of material fact existed, but failed to specify which issues he believed to be in dispute.

Although summary disposition is not favored in a negligence action, summary disposition is appropriate where the plaintiff has failed to establish a prima facie case of negligence. *Gamet v Jenks*, 38 Mich App 719; 197 NW2d 160 (1972). To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach of its duty was the proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Berryman v Kmart Corp*, 193 Mich App 88, 91-92; 483 NW2d 642 (1992).

In the present case, plaintiff failed to allege a duty in his complaint. However, even assuming defendant owed a duty to plaintiff, plaintiff is unable to establish a breach of duty on the part of defendant. Plaintiff offered no proof that the statement the dog was "good with kids" was untrue or false when made. Furthermore, the Pet Adoption Agreement expressly excluded any warranty of the dog's temperament. In addition, defendant offered the deposition testimony of Michael Dowe, the animal evaluator for defendant who took in the dog. He testified that defendant's pol-

icy is to not guarantee that a dog will not bite and
that he saw no evidence of any dangerous propensi-
ties. Dowe testified that the Humane Society is
required to hold an animal for four days:

> [W]e hold a stray animal for four days as long as it is
> healthy and have that four-day period, we evaluate that
> animal, meaning that we check it on its health, tempera-
> ment and how well it can adapt to being in a caged situa-
> tion and a caged environment and if he [sic] passes that, he
> is usually then placed up for adoption.

Plaintiff does not contend that the Humane Society
was the owner of the dog under the Michigan dog
bite statute, MCL 287.351; MSA 12.544.[1] Plaintiff was
unable to counter the sworn testimony of Mr. Dowe,
and the trial court properly concluded no question of
material fact had been framed for disposition.

Plaintiff also argues that the trial court's statement
that "there's a little bit of public policy involved in
this thing, too," indicated that the trial court improp-
erly determined defendant's motion for summary dis-
position. From the transcript of the motion hearing, it
is clear that the trial court properly focused on deter-
mining whether a genuine issue of material fact
existed for trial and whether defendant was entitled
to judgment as a matter of law. The trial court's grant
of summary disposition will not be reversed on the

---

[1] We held in *Thelen v Thelen*, 174 Mich App 380; 435 NW2d 495 (1989),
that the doctrine of parental immunity does not bar a child's cause of
action against the owner of a dog under this statute. On November 15,
1994, defendant filed its motion for summary disposition with an alterna-
tive prayer that, if summary disposition was not granted, the court permit
leave for defendant to file a third-party complaint against the dog's owner
based on the Michigan dog bite statute. The court below did not reach
this issue and neither do we.

basis of its nondeterminant reference to "public policy."

Affirmed.